UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY GEORGE BELL,

                            Plaintiff,

        -against-

UNITED STATES OF AMERICA,

                            Defendant.

24-CV-2435 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction. He asserts that the United States of America has caused him to suffer physically and emotionally because of racism. By order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff, who resides in Brooklyn, New York, brings this action using the court's general complaint form and checks the box on the form to invoke the court's federal question jurisdiction. In response to the question asking which of his federal constitutional or federal statutory rights have been violated, he writes, "civil rights."[1] (ECF 1, at 2.) Plaintiff alleges that the events giving rise to his claims have been occurring since 1970 and are ongoing.

Plaintiff provides a list of grievances as the facts in support of his case against the United States. His grievances include the following: (1) the government has been "promoting discrimination ever[] since slavery days," and are "continuing with systematic racism now," which is "propelled by the legislative branch"; (2) under the Constitution, the legislative branch, which include congressman and senators, are required to follow the same laws as other American citizens, but they are not; (3) the government has allowed foreign and domestic terrorists to "thrive," including "white supremist, KKK, Neo Nazis, every gang from A to Z, [and] so called American"; (4) the government has not protected citizens from "corporate greed"; (5) the government has allowed a "straight up right supremist to run the country into the ground and now [is] ready to do it again because one party wants the KKK, white supremist, Neo Nazis vote"; (6) under the Constitution, "church has no business in the government, but our judges especially in the Supreme Court who were appointed by Trump have ruled on a lot of things based on the church"; (7) "our judges, not all but too many are biased, racist and corrupt and have no morals or conscience, same as a lot of our government"; (8) the government has allowed state and cities to give more to illegal aliens and migrants than to American citizens; (9) the

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

government has treated people on Social Security "like garbage"; (10) the government has allowed gangs to "set up shop here," and let terrorists in without proper vetting; and (11) the government has allowed immigrants and aliens to have more rights than American citizens. (*Id.* at 5-7.)

Plaintiff asserts that "[b]ecause of [the] government racism towards Black American[s]," he has "suffered physically and emotionally," including from PTSD. (*Id.* at 7.) He seeks to hold public officials accountable for their actions and 10 billion dollars in damages.

## DISCUSSION

### A.    Sovereign immunity

The Court must dismiss Plaintiff's claims against the United States of America under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to his claims against the United States of America. The Court therefore dismisses Plaintiff's claims against the United States of America under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### B.    Standing

Even if his claims were not precluded by sovereign immunity, Plaintiff has failed to allege facts sufficient to show that he has standing to assert his claims. Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and

internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). To demonstrate standing, a plaintiff must show that: (1) he has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, "a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large . . . does not state an Article III case or controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted)."'If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.'" *Mahon*, 683 F.3d at 62 (internal quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement. . . .").

Plaintiff's claims appear to arise out of his dissatisfaction with how he perceives the United States government is working and the ills that ail the country. He does not, however, allege any facts showing that he himself has suffered a concrete and particularized injury caused by the government. Plaintiff's assertions do not present a case or controversy as required by Article III; they are merely generalized grievances, which do not establish the standing that is required to maintain a suit in federal court. *See Hollingsworth*, 570 U.S. at 706. Accordingly, the

Court also dismisses Plaintiff's claims for lack of standing and, consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon*, 683 F.3d at 62.

**C.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    November 20, 2024
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge